STATE OF NEBRASKA, APPELLEE, v. CHARLES CALVIN JACKSON, APPELLANT.

218 N. W. 2d 430

Filed May 23, 1974. No. 39365.

Don A. Fitch, for appellant.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and Gary R. Welch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant pled guilty to manslaughter on October 12, 1973. He was sentenced the same day to imprisonment for 10 years. He perfected an appeal, alleging three assignments of error. The second assignment alleges the trial court abused its discretion in sentencing the defendant without the benefit of a presentence investigation. We affirm the judgment of conviction, and remand for resentencing.

Defendant was originally charged with first-degree murder but the charge was reduced to second-degree murder upon his agreement to testify for the State in a murder trial against another charged with killing the same individual. Defendant entered a plea of guilty to the reduced charge and a presentence investigation was ordered by the court. The other person was subsequently acquitted. Defendant was then allowed to withdraw his former plea and to enter a plea of guilty to manslaughter. The presentence investigation ordered by the court had not yet been completed. Defendant was sentenced without the benefit of a presentence report. A report was filed several days after the sentence was pronounced.

Section 29-2261, R. S. Supp., 1972, so far as material herein, provides: "(1) Unless it is impractical to do so, when an offender has been convicted of a felony, the court *shall not* impose sentence without first ordering a presentence investigation of the offender and according due consideration to a written report of such investigation." (Emphasis supplied.) This provision, which came into our law in 1971, makes it mandatory,

unless impractical to do so, to require a written pre-
sentence investigation of all felony offenders. This
provision was not followed herein. We vacate the sen-
tence and remand the cause for resentencing according
to law.

In view of our action herein we do not consider the
other assignments of error set out by defendant.

The judgment of conviction is affirmed and the cause
is remanded for resentencing in compliance with sec-
tion 29-2261, R. S. Supp., 1972.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED FOR RESENTENCING.

NEWTON, J., dissenting.

I dissent. Section 29-2261, R. S. Supp., 1972, directs
that a presentence investigation be made prior to im-
position of sentence on a felony conviction. Although
unnecessary in many cases where the court has before
it the record of previous felony convictions, I have no
quarrel with the procedure prescribed.

The record indicates that defendant participated in
the killing of Leonard Scheer. The deceased was hit
over the head with a bottle, run over with a car and
eight ribs crushed, and left on a wintry road to die of
exposure and the injuries inflicted. It is obviously a
case of first-degree murder yet the defendant was per-
mitted to escape with a plea of guilty to manslaughter
and received a sentence of 10 years.

The presentence report apparently was not completed
at the time of defendant's plea of guilty to manslaughter
and sentence. The record indicates that both the de-
fendant and his attorney were then cognizant of this
fact but informed the court that they were ready to
proceed. The presentence report itself fails to reveal
any extenuating circumstances other than that defend-
ant had lost a leg at some time in the past and was
involved with drugs, factors of which the court was
apprised prior to sentence. The report, in this in-

stance, could not possibly have brought about a lighter or different sentence. It was error without prejudice.

Section 29-2261, R. S. Supp., 1972, must, as are other laws, be administered in the light of section 29-2308, R. R. S. 1943, which forbids reversal when no substantial miscarriage of justice has occurred. As this court has frequently said, error may creep into proceedings in criminal prosecutions but it is only error prejudicial to the accused that justifies reversal. See, Texter v. State, 170 Neb. 426, 102 N. W. 2d 655; Franz v. State, 156 Neb. 587, 57 N. W. 2d 139.