STATE OF NEBRASKA, APPELLEE, v. BRUCE L. ZOBEL, APPELLANT.

222 N. W. 2d 570

Filed October 24, 1974. No. 39433.

Munro, Parker, Munro & Grossart, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

Defendant was charged with the crime of delivery of a controlled substance. After trial by jury he was convicted and sentenced to confinement in the Nebraska Penal and Correctional Complex for a period not to exceed 1 year.

On appeal the following questions are presented: (1) Did the court err in limiting the cross-examination of a state undercover agent with reference to his alleged personal Satanistic practices and allegiance and in rejecting an offer of proof of impeaching testimony on the issue? (2) Did the court err in imposing sentence before receiving and considering a presentence investigation report as required by the provisions of section 29-2261, R. S. Supp., 1972?

· We reject the defendant's contentions in connection with question number (1) and uphold them in connection with question number (2).

The case for the State rested wholly upon the testi-

mony of Rick L. Houchin, who had commenced working as an undercover agent for the Nebraska State Patrol, Division of Drug Control, about 10 days before the date of the offense charged. He testified to the fact of the purchase of the controlled substance from the defendant. The packaged substance allegedly sold was received in evidence following appropriate identification and expert testimony as to its nature.

The defense was a denial of a sale at any time and testimony that the defendant was not present at the time and place where it is claimed the sale and delivery took place. This alibi rested upon the testimony of the defendant, that of his wife, and of a family friend. Neither the defendant nor his wife had independent recollection of the day in question. However, their activities on that day were purportedly fixed, and their recollections refreshed by, a diary kept by the family friend. A page from the diary was first offered as corroborating evidence, but the offer was later withdrawn and the diary page was not received.

It is apparent that the jury verdict rested wholly upon its determination of the credibility of Houchin and the defense witnesses. The defense made a concerted, direct attack upon Houchin's reputation for truth and veracity by calling witnesses acquainted with him and his reputation in the community.

The attack on credibility was continued through cross-examination where the defense sought to establish Houchin's status as a devotee of Satan. The following occurred: "Q Mr. Houchin, have you attempted to interest other young people in Satanism and the worship of Satan?" Objection was made and the objection sustained. This ruling, it appears, was clearly proper. The defendant then made an offer which is in part as follows: "It is the position of the Defendant that the truth and veracity of this witness is a material element of this case. The line of questioning [by] counsel for the Defendant was" to develop that the witness *"was a Priest of Satan, . . .*

that we would produce witnesses in our case in chief to substantiate these questions, if not answered by the defendant . . . that we would further produce evidence that in order to be a Priest of Satan or a sorcerer, that a necessary element is to foreswear allegiance to God and Christ and accept evil, the embodiment of evil or Satan as omnipotent and that all that is good and truthful is foresworn as part of that allegiance." (Emphasis supplied.) Objection was made to the offer and it was sustained. Cross-examination then continued and the following questions and answers were received without objections. "Q Mr. Houchin, have you ever made an oath rejecting the power of God and Christ and accepting Satan as omnipotent? A No, sir. I have never done that in my entire life. Q Have you ever said that you had done such a thing to any person? A I don't believe I ever said that to anyone." The following question was then asked: "Have you ever said to any person that you were a Priest of the Devil?" Objection was made and sustained. Then two more questions directed to the alleged practice of Satanic rites by the defendant were asked. To each question objection was made on the grounds of irrelevance and immateriality and each objection was sustained. The defendant renewed his previous offer, objection to it again being sustained.

It is clear that the only possible relevance this general subject might have depended upon whether the witness' alleged beliefs affected his disposition to tell the truth. Of the questions asked, accepting at face value the defendant's offer of proof indicating that Satanism entails the rejection of "all that is good and truthful," it is clear that only the two questions which were answered and the one immediately following had any direct relevance on the point of how the witness' claimed beliefs affected his veracity.

As these principal questions were answered by the witness in the negative, was the defendant entitled to introduce impeaching testimony?

It has long been the rule in this state, and is apparently the rule in most jurisdictions, that impeachment by specific acts which bear upon the character trait of veracity is not permitted. Boche v. State, 84 Neb. 845, 122 N. W. 72. The reason is to avoid the pursuit of collateral issues. Boche v. State, *supra*. The reception of evidence collateral to any issue in the case intended to affect the credibility of a witness is usually within the discretion of the trial court and the ruling concerning it is not grounds for reversal in the absence of an abuse of discretion. Hampton v. Struve, 160 Neb. 305, 70 N. W. 2d 74. If a witness is cross-examined on a matter collateral to the issues, his answer cannot be subsequently contradicted by the party conducting the examination. Griffith v. State, 157 Neb. 448, 59 N. W. 2d 701. The witness' alleged activities in the cult of Satan were clearly collateral. The material fact, of course, was the truth of his testimony as to the facts of the crime. If a fact could be proved as a part of the offerer's case, it is material and not a collateral fact. Griffith v. State, *supra*. The court did not abuse its discretion in limiting the pursuit of the collateral facts to the questions which were answered.

The record discloses that, at the time of sentencing, the trial court had not ordered nor received, and therefore could not consider a presentence investigation report as required by the provisions of section 29-2261, R. S. Supp., 1972. We have recently held that this statute must be complied with. State v. Jackson, *ante* p. 39, 218 N. W. 2d 430. The sentence is vacated and the cause remanded with directions to have prepared and give due consideration to such a presentence investigation report. The judgment of conviction is affirmed and the cause is remanded for resentencing in compliance with section 29-2261, R. S. Supp., 1972.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR RESENTENCING.

WHITE, C. J., participating on briefs.