STATE OF NEBRASKA, APPELLEE, V. ALTON WAYNE BRUNS,
APPELLANT.

265 N. W. 2d 210

Filed April 12, 1978. No. 41659.

William B. Zastera, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant prosecutes an appeal from his conviction for assault and battery. He assigns as error the failure to grant a mistrial, the refusal to sentence him at his request without a presentence investigation, and the excessiveness of the sentence. We affirm.

Following a presentence investigation, defendant was sentenced to a term of 120 days in the county jail. On appeal to the District Court the conviction was upheld but the sentence was reduced to a term of 60 days in the county jail.

The charge is the result of an altercation which occurred in a Nebraska City tavern. The evidence shows defendant purchased a beer for the complaining witness, Larry Schreiner. When Schreiner refused to drink it, defendant began pulling his head

back by the hair. Schreiner came off the bar stool he was sitting on and a fight ensued. The testimony is conflicting as to whether defendant or Schreiner struck the first blow.

Both parties testified concerning previous scuffles they had been involved in together. At one point the prosecutor asked defendant whether a criminal charge had been filed as the result of one of these incidents. Defendant's objection to the question was sustained and no answer was given. Defendant moved for a mistrial, which was overruled.

A police officer who investigated the disturbance was asked if he had made a recommendation concerning the filing of the complaint. Over objection he testified he could not recall but he did remember talking to the prosecutor. He was then asked if he accompanied Schreiner to court for the purpose of offering testimony in support of the issuance of a warrant. At this point defendant interposed an objection and moved for a mistrial. The objection was sustained but the motion for mistrial was overruled.

Defendant also moved for a mistrial following closing arguments, asserting the prosecutor had made improper remarks to the jury concerning his thoughts about preparing the complaint. The motion was overruled. Closing arguments were not recorded and defendant made no attempt to preserve the record.

Following the return of the jury verdict defendant requested that he be sentenced immediately. The State offered no objection. The court, however, declined to immediately sentence the defendant and ordered a presentence investigation.

While the questions propounded by the prosecutor were improper, and defendant's objections were properly sustained, they do not appear to provide a sufficient basis for the granting of a mistrial. The following language from State v. Kirby, 185 Neb. 240, 175 N. W. 2d 87 (1970), is appropriate: " 'The asking

of improper questions of a witness to which objections are sustained by the court do not constitute prejudicial error in the absence of a showing that defendant was thereby deprived of a fair and impartial trial.' "

Section 29-2261, R. R. S. 1943, so far as material herein, provides: "(1) Unless it is impractical to do so, when an offender has been convicted of a felony, the court shall not impose sentence without first ordering a presentence investigation of the offender and according due consideration to a written report of such investigation.

"(2) A court may order a presentence investigation in any case."

While the court should not impose sentence in any felony without a presentence investigation, the court is specifically authorized to order a presentence investigation in any case. Defendant in this instance contends that he is being punished for prior misdeeds. This court stated in State v. Welton, 190 Neb. 600, 210 N. W. 2d 925 (1973): " 'In passing sentence, it is proper for the trial court to take into consideration other offenses that have been committed by an accused.' "

Defendant has an extensive misdemeanor record, including three previous assault and battery convictions. To ignore this record in passing sentence would be a dereliction of duty.

On defendant's record, the 120-day sentence imposed by the county court would not have been excessive in this case. The District Judge, in his discretion, saw fit to reduce it to 60 days. While we would have affirmed the county court sentence, we cannot say that the District Judge abused his discretion in reducing it to 60 days.

There is no merit to any of defendant's assignments of error. The judgment is affirmed.

AFFIRMED.