Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/24/2017 08:11 AM CDT

State of Nebraska, appellee, v.
Brian P. Robeson, appellant.
___ N.W.2d ___

Filed October 17, 2017.    No. A-16-1056.

1. **Constitutional Law: Waiver: Appeal and Error.** In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review.

2. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion.

3. **Sentences: Words and Phrases: Appeal and Error.** An appellate court reviews criminal sentences for an abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

4. **Effectiveness of Counsel: Constitutional Law: Statutes: Records: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.

5. **Criminal Law: Presentence Reports.** The plain language of Neb. Rev. Stat. § 29-2261(1) (Reissue 2016) provides that a presentence investigation is generally required in felony cases; however, there are exceptions under which such an investigation is unnecessary.

6. **Presentence Reports.** A presentence investigation may be impractical where another investigation had just been completed.

7. **Presentence Reports: Waiver.** A presentence investigation may be waived.

8. **Attorney and Client: Waiver.** A defendant may waive a right by silently acquiescing to the waiver given by his counsel, and by failing to object and raise the issue to a trial court.

9. **Sentences.** In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

10. ____. Neb. Rev. Stat. § 29-2204 (Reissue 2016) requires a sentence for a Class II felony to have different minimum and maximum terms of imprisonment.

11. **Sentences: Time.** Neb. Rev. Stat. § 29-2204 (Reissue 2016) is not effective unless the offense was committed on or after August 30, 2015.

12. ____: ____. When an element of the charged offense occurred prior to August 30, 2015, Neb. Rev. Stat. § 29-2204 (Reissue 2016) does not apply to the defendant's sentence.

13. **Sentences.** A sentence with the same minimum term and maximum term is an indeterminate sentence.

14. **Effectiveness of Counsel: Appeal and Error.** When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred.

15. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense.

16. **Effectiveness of Counsel: Proof: Appeal and Error.** General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review.

Appeal from the District Court for Douglas County: Kimberly Miller Pankonin, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Mikki C. Jerabek for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

Moore, Chief Judge, and Bishop and Arterburn, Judges.

Arterburn, Judge.

# I. INTRODUCTION

Brian P. Robeson appeals from his plea-based conviction for first degree sexual assault. On appeal, Robeson asserts that the district court erred in imposing an excessive sentence and in sentencing him without first obtaining a presentence investigation report. Robeson also asserts that he received ineffective assistance of counsel. For the reasons set forth herein, we affirm.

# II. BACKGROUND

On January 4, 2016, the State filed an information charging Robeson with two counts of first degree sexual assault of a child, in violation of Neb. Rev. Stat. § 28-319.01(1)(b) (Reissue 2016), each a Class IB felony. On September 22, a hearing was held. At this hearing, defense counsel informed the district court that a plea agreement had been reached. Counsel indicated that as a part of the plea agreement, Robeson would plead guilty to one count of first degree sexual assault, as alleged in the amended information. The State was granted leave to file an amended information charging Robeson with two counts of first degree sexual assault, in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 2016), each a Class II felony. The State agreed to dismiss the second count of first degree sexual assault alleged in the amended information as a part of the plea agreement. Also as a part of the plea agreement, Robeson and the State would jointly recommend a sentence of 40 to 40 years' imprisonment.

The State provided a factual basis for Robeson's plea to first degree sexual assault. According to that factual basis, Robeson was a teacher who began a romantic relationship with one of his seventh grade students. Robeson was initially the victim's mentor, but the relationship escalated into their kissing and having sexual intercourse on multiple occasions. When the victim was interviewed, she said that she and Robeson were dating and that she planned on marrying him and having children with him. When Robeson was

interviewed by law enforcement, he admitted that he loved the victim and was not ashamed of his relationship with her. He described that he began talking to the victim when she was 12 years old but did not begin intimate contact with her until she was 13 years old. He admitted that he engaged in sexual intercourse with the victim at various locations, including her house and his car. Robeson was 34 to 35 years old during this time, and the victim was 13 to 14 years old. The sexual penetration occurred "[o]n or about" September 1, 2014, through December 27, 2015.

The district court found that Robeson understood the nature of the charge against him and the possible sentence; that his plea was made freely, knowingly, intelligently, and voluntarily; and that the factual basis supported his plea. The court then accepted Robeson's guilty plea to first degree sexual assault.

After the court accepted Robeson's guilty plea, defense counsel indicated to the court that "in light of the plea agreement we're asking for an expedited sentencing." The court then confirmed with counsel that Robeson was waiving his right to have a presentence investigation report completed.

A sentencing hearing was held on October 11, 2016. At the start of this hearing, defense counsel asked the court for "a short postponement" of sentencing. The court denied this request. Defense counsel and Robeson then provided statements to the court wherein each asked for leniency and "mercy" from the court. In fact, defense counsel specifically asked the court to consider a minimum sentence that is "slightly less" than the minimum of 40 years' imprisonment the parties had agreed to recommend as part of the plea agreement.

In response to the statements of defense counsel and Robeson, both the State and the district court questioned whether Robeson wished to withdraw his plea so that he did not have to agree to jointly recommend a sentence of 40 to 40 years' imprisonment. The court indicated to Robeson that it was "not going to consider less than the plea agreement as that

was the plea agreement." Robeson briefly spoke with counsel and then explicitly indicated that he did not want to withdraw his plea. He also stated as follows:

> Before the sentence I talked at length with my lawyer about the 40 to 40 and how I just wanted a chance to parole and how I didn't agree with it, but I felt stuck. I felt that that was the best I was going to get. All I did was come here today to try and plead with you to please understand the situation and to give me a chance at parole. I'm not trying to undermine anybody, the State or anything for [the] family [of the victim]. And I certainly don't want to put them through any more.

The court sentenced Robeson to 40 to 40 years' imprisonment.

Robeson appeals.

## III. ASSIGNMENTS OF ERROR

On appeal, Robeson asserts that the district court erred in (1) sentencing Robeson without first obtaining a presentence investigation report, (2) imposing an excessive sentence which did not take into account the mitigating factors present in the case, and (3) imposing a minimum sentence that was the same as the maximum sentence. Robeson also asserts that he received ineffective assistance of counsel when counsel advised him to enter into the plea agreement with the State and failed to request the completion of a presentence investigation report.

## IV. STANDARD OF REVIEW

[1] In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review. *State v. Qualls*, 284 Neb. 929, 824 N.W.2d 362 (2012).

[2,3] An appellate court will not disturb a sentence imposed within the statutory limits unless the trial court abused its discretion. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016). An appellate court reviews criminal sentences for an

abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

[4] Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. See *State v. Burries*, 297 Neb. 367, 900 N.W.2d 483 (2017). We determine as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

## V. ANALYSIS

### 1. Imposing Sentence Without
### Presentence Investigation Report

After the district court accepted Robeson's guilty plea at the September 2016 hearing, the following discussion was had:

> [The court:] I'm going to continue sentencing, not order — I think by agreement of the parties, the Court is not going to order a presentence investigation report, is that correct?
>
> [The State:] Yes, Your Honor, we would — the State would just ask for a period of time before sentencing to allow for victim impact statements to be provided by the victim and her family.
>
> [Defense counsel:] And Judge, in light of the plea agreement we're asking for an expedited sentencing, that is true.
>
> THE COURT: And your client is waiving his right to have a presentence investigative report be done, is that correct?
>
> [Defense counsel:] Yes.

THE COURT: Okay. I will continue this matter for an expedited sentencing to allow the State — in order to get victim impacts. And for . . . Robeson to get anything he wants the Court to consider for sentencing. And in light of the plea agreement I think an expedited sentencing is warranted.

On appeal, Robeson challenges the district court's decision to impose a sentence without first requiring Robeson to participate in a presentence investigation. Specifically, Robeson alleges that he did not validly waive his right to a presentence investigation report and that, as a result, the court was required to order that a presentence investigation report be completed. Upon our review, we do not find that the district court erred in concluding that Robeson validly waived his right to a presentence investigation report.

[5] Neb. Rev. Stat. § 29-2261(1) (Reissue 2016) provides that unless it is impractical to do so, when an offender has been convicted of a felony, the court shall not impose sentence without first ordering a presentence investigation of the offender and according due consideration to a written report of such investigation. The plain language of § 29-2261(1) provides that a presentence investigation is generally required in felony cases; however, there are exceptions under which such an investigation is unnecessary.

[6,7] The first such exception is set out in § 29-2261(1) itself; an investigation is not necessary if it would be "impractical." The Nebraska Supreme Court has explained that a presentence investigation may be impractical where another investigation had just been completed. See *State v. Qualls*, 284 Neb. 929, 824 N.W.2d 362 (2012). In addition to the statutory exception, the Supreme Court has held that such a presentence investigation may be waived. See *id.* See, also, *State v. Tolbert*, 223 Neb. 794, 394 N.W.2d 288 (1986). A waiver is defined as

the voluntary and intentional relinquishment of a known right, privilege, or claim, and may be demonstrated by or inferred from a person's conduct. . . . A voluntary

waiver, knowingly and intelligently made, must affirmatively appear from the record, before a court may conclude that a defendant has waived a right constitutionally guaranteed or granted by statute.

*State v. Kennedy*, 224 Neb. 164, 170, 396 N.W.2d 722, 726 (1986) (citations omitted).

[8] At the September 2016 hearing, the district court specifically asked whether it was Robeson's intention to waive his right to a presentence investigation report. Robeson's counsel answered in the affirmative. We note that contrary to Robeson's assertions in his brief on appeal, the fact that Robeson, himself, did not affirmatively waive his right to the presentence investigation report is not determinative. The Nebraska Supreme Court has previously held that a defendant may waive a right by silently acquiescing to the waiver given by his counsel, and by failing to object and raise the issue to a trial court. See *Sedlacek v. State*, 147 Neb. 834, 25 N.W.2d 533 (1946). See, also, *State v. Sayers*, 211 Neb. 555, 319 N.W.2d 438 (1982) (noting that courts have found implied acquiescence of defendant's rights when counsel speaks on defendant's behalf and defendant is present, but remains silent).

In his brief on appeal, Robeson acknowledges that counsel did agree that Robeson was waiving his right to the presentence investigation report. However, he asserts that such a waiver was not knowingly and voluntarily given, because he was not properly informed of certain facts, including that a presentence investigation report is mandatory prior to a felony sentencing. In addition, Robeson asserts that the court failed to "make any inquiry into whether . . . Robeson understood this right but nonetheless wished to waive it." Brief for appellant at 11. To support his assertions, Robeson relies on this court's decision in *State v. Kellogg*, 10 Neb. App. 557, 633 N.W.2d 916 (2001).

In *State v. Kellogg, supra*, the defendant pled no contest to a burglary charge and pled guilty to two forgery charges. After the trial court accepted the pleas, both the State and defense counsel indicated their request that the defendant undergo a

"'90-day evaluation at the Department of Corrections.'" *Id*. at 558, 633 N.W.2d at 918. The plea hearing was concluded "with no one ever mentioning 'presentence report' or 'presentence investigation,'" and no presentence investigation was ever completed prior to sentencing. *Id*. at 559, 633 N.W.2d at 919. On appeal, the defendant argued that he received ineffective assistance of counsel because trial counsel did not request a presentence investigation.

In our analysis in *Kellogg*, we found that the defendant did not waive his right to a presentence investigation, because "the record lacks any showing that [he] was aware that a presentence investigation was mandatory before a felony sentencing . . . nor does the record show that [he] was aware that having such an investigation was his 'right' . . . ." *Id*. at 565, 633 N.W.2d at 923. We stated, "The fact that a presentence investigation was never even discussed in this entire plea-taking and sentencing process is of no small consequence and also precludes a finding that there was a waiver." *Id*. at 566, 633 N.W.2d at 923. Ultimately, we concluded that the court erred in sentencing the defendant without having a presentence investigation and without a valid waiver thereof on the record. *State v. Kellogg, supra*. We vacated the sentence imposed and remanded the cause to the district court with directions to have a presentence investigation completed and then to resentence the defendant. *Id*.

We find the facts of *State v. Kellogg, supra*, to be distinguishable from the facts presented by this case. In *Kellogg*, a presentence investigation was never even mentioned to the defendant. Accordingly, he was never informed that he had a right to such an investigation prior to sentencing. Here, during the September 2016 hearing, the court specifically inquired whether Robeson was waiving his "right" to a presentence investigation report. Defense counsel indicated that Robeson was waiving his right, and Robeson did not contest counsel's statement. As such, the record in this case clearly indicates that, at the least, Robeson knew he had a right to a presentence investigation report.

We find the facts of this case to be more akin to the facts in *State v. Qualls*, 284 Neb. 929, 824 N.W.2d 362 (2012). In that case, the defendant pled guilty to theft by deception. After the court accepted the defendant's plea, the court inquired about whether the defendant wished to have a presentence investigation report completed prior to sentencing:

"I do need to advise you that since this is a felony offense, you do have a right to have a presentence investigation report prepared in this case.

"Your attorney has indicated that you wish to waive that right and have me do sentencing based upon, I believe, the reports and your criminal history and then any other information you wish to present.

"Do you wish to waive your right to a presentence report, sir?"

*Id.* at 930, 824 N.W.2d at 363. The defendant indicated that he did wish to waive his right to the presentence investigation report. He also indicated that no one had threatened him or promised him anything in order to induce his waiver and that his waiver was freely and voluntarily given.

On appeal, the defendant argued that the court's advisory was insufficient to inform him of his right to a presentence investigation report. *State v. Qualls, supra*. Specifically, he asserted that he was not informed that a presentence investigation report was mandatory, that the lack of a presentence investigation report would mean that an appellate court would not have the benefit of the contents of such a report, and that the sentencing court was unable to consider all of the relevant factors without such a report. The Supreme Court found his assertion to be without merit. The court stated that "'a formalistic litany is not required'" to establish the waiver of a statutory right and that a review of the totality of the circumstances established that the defendant had been adequately informed of his right to a presentence investigation report and had validly waived that right. *Id.* at 935, 824 N.W.2d at 366.

Clearly, in *State v. Qualls, supra*, the district court's discussion of the defendant's right to a presentence investigation report prior to sentencing was more thorough than the district court's discussion with Robeson at the September 2016 hearing. In fact, we believe that the discussion elicited by the district court in *Qualls* is the better practice, as the court more clearly explained the defendant's right to a presentence investigation report and established the defendant's valid waiver of that right by eliciting a response directly from the defendant. However, given the totality of the circumstances present in this case, we find the district court's discussion about Robeson's right to a presentence investigation report and defense counsel's representation that Robeson was waiving that right was sufficient to establish a valid waiver of that right. Robeson was clearly informed he had the right to a presentence investigation report, and his counsel indicated Robeson's desire to waive that right without any further discussion or objection by Robeson. Moreover, Robeson had previously indicated his desire to have an expedited sentencing hearing, and as part of his plea agreement, he had jointly recommended a sentence to the district court. At the sentencing hearing, Robeson's counsel asked for a postponement, but this request did not appear to be based on a desire to obtain a presentence investigation report. After the request for the postponement was denied, counsel indicated that he knew of "no other" legal reason why the court should not impose a sentence at that time. Robeson remained silent during this exchange and, as such, appeared to agree with his counsel's statement. Later, both Robeson and his counsel were permitted to provide the court with lengthy statements about the mitigating factors present in the case and about Robeson's present circumstances.

While the district court could have been more thorough in its discussion with Robeson about his right to a presentence investigation report, on these facts, we cannot say that the court clearly erred in finding that Robeson's waiver of his right to that report was valid.

## 2. Excessive Sentence

Robeson asserts that the district court imposed an excessive sentence because it failed to "seriously consider all of the mitigating factors" present in this case, brief for appellant at 17, including his young age and ability to be rehabilitated, his level of education and his career as a teacher, his difficult childhood, his struggle with alcoholism, his lack of intent to harm the victim, his strong relationship with his young children, his lack of a violent criminal history, and his cooperation with authorities. Upon our review, we conclude that Robeson's assertion has no merit.

Robeson pled guilty to first degree sexual assault, a Class II felony. A Class II felony is punishable by 1 to 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Reissue 2016). Robeson was sentenced to 40 to 40 years' imprisonment. As such, his sentence was clearly within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016). An appellate court reviews criminal sentences for an abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

[9] In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*.

At the outset of our analysis, we note that Robeson jointly recommended that he receive a sentence of 40 to 40 years' imprisonment as a part of his plea agreement. Given

Robeson's decision to recommend the sentence that he is now challenging as excessive, we do not disagree with the State's assertion that Robeson's argument on appeal is "disingenuous." Brief for appellee at 10.

Moreover, our review of the record reveals that both Robeson and his trial counsel were given the opportunity to make lengthy statements prior to Robeson's sentencing. During these statements, Robeson and his counsel directed the court's attention to all of the mitigating factors present in this case. Prior to imposing sentence, the district court stated, "In order to determine an appropriate sentence I've taken into consideration all of the information and argument presented here today . . . ." The court went on to state that based upon its consideration of Robeson's "age, mentality, education, experience, . . . background, past criminal record, nature of this offense, and motivation for this offense, the Court is going to go along with the agreement." The court's comments during the sentencing hearing refute Robeson's assertion on appeal that the court failed to consider all of the relevant mitigating factors present in this case.

Upon our review, we find that Robeson's sentence is not excessive or an abuse of discretion and is therefore affirmed.

### 3. Imposing Identical Minimum and Maximum Terms of Imprisonment

Robeson also asserts that the district court erred in imposing a sentence of 40 to 40 years' imprisonment because the imposition of "a sentence with identical minimum and maximum terms of imprisonment" violates Neb. Rev. Stat. § 29-2204(1) (Reissue 2016) and because such a sentence is "a de facto determinate sentence," which does not provide an opportunity for Robeson to be paroled within a reasonable time. Brief for appellant at 26.

#### (a) § 29-2204

[10] The most recent version of § 29-2204 provides, in part, that when a defendant is sentenced on a Class II felony, the

sentencing court "shall fix the minimum and the maximum terms of the sentence to be served within the limits provided by law" and the minimum sentence "shall be any term of years less than the maximum term imposed by the court." This language was included in § 29-2204 as part of the sentencing changes made by 2015 Neb. Laws, L.B. 605. Based upon our reading of the revised language of this section, we agree with Robeson's assertion that the most recent version of § 29-2204 requires a sentence for a Class II felony to have different minimum and maximum terms of imprisonment. However, we disagree with Robeson's assertion that the requirements of § 29-2204 apply to his sentence in this case.

[11] Neb. Rev. Stat. § 28-116 (Reissue 2016) states in part:

> The changes made to the sections listed in this section by Laws 2015, LB605, shall not apply to any offense committed prior to August 30, 2015. Any such offense shall be construed and punished according to the provisions of law existing at the time the offense was committed. For purposes of this section, an offense shall be deemed to have been committed prior to August 30, 2015, if any element of the offense occurred prior to such date.

The statute then lists sections subject to the provision. Section 29-2204 is one of the sections listed within § 28-116. As such, the recent revisions made to the language of § 29-2204 are not effective unless the offense was committed on or after August 30, 2015.

Here, the amended information alleged that "[o]n or about" September 1, 2014, through December 27, 2015, Robeson subjected the victim to sexual penetration. It is not clear from the language of the amended information or from any other facts provided in our record exactly what dates Robeson subjected the victim to sexual penetration; although, it is clear that Robeson engaged in sexual penetration with the victim on multiple occasions. A careful reading of the language of the amended information indicates that the multiple acts of sexual penetration occurred beginning on September 1, 2014, and

continued through December 27, 2015. As such, we can assume that an element of the offense Robeson was charged with occurred prior to August 30, 2015. We note that Robeson did not challenge the alleged time period of when the penetration occurred when he entered his plea to the amended charge.

[12] When an element of the charged offense occurred prior to August 30, 2015, the changes to § 29-2204 do not apply to the defendant's sentence. Robeson's sentence of 40 to 40 years' imprisonment is a valid sentence under the prior statutory scheme. See Neb. Rev. Stat. § 29-2204 (Cum. Supp. 2014).

### (b) De Facto Determinate Sentence

Robeson also argues that the court's decision to sentence him with identical minimum and maximum terms of imprisonment was an abuse of discretion, because such a sentence is a de facto determinate sentence which does not provide him with the opportunity for parole within a reasonable time.

[13] Robeson's sentence of 40 to 40 years' imprisonment is not a de facto determinate sentence. The Nebraska Supreme Court has previously found that a sentence with the same minimum term and maximum term is an indeterminate sentence. The court stated, "In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence." *State v. Artis*, 296 Neb. 606, 607, 894 N.W.2d 349, 350 (2017) (supplemental opinion). Moreover, as we discussed above, Robeson agreed to jointly recommend a sentence of 40 to 40 years' imprisonment as a part of his plea agreement. Because he recommended this sentence, it is disingenuous for him to now argue that the district court erred in accepting his recommendation. Had Robeson wished to have a meaningful opportunity to obtain parole in a reasonable period of time, he was free to reject the plea agreement and not recommend a sentence of 40 to 40 years' imprisonment.

Robeson's claims that the district court erred in imposing identical minimum and maximum terms of imprisonment are without merit.

### 4. Ineffective Assistance
### of Trial Counsel

[14] Robeson is represented in this direct appeal by different counsel than the counsel who represented him at the trial level. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

[15] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

[16] A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Casares, supra*. The determining factor is whether the record is sufficient to adequately review the question. *Id*. When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id*.

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *Id*. An ineffective assistance of counsel claim made on direct appeal can be

found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id*. See, also, *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

Robeson raises two allegations of ineffective assistance of trial counsel in this appeal. We address each allegation in turn.

### (a) Advice to Accept Plea Agreement

Robeson asserts his trial counsel rendered deficient performance by advising him to accept "the terms of the plea agreement and agreeing to a lengthy and unwarranted recommended sentence." Brief for appellant at 14. Although our record does not contain Robeson's conversations with trial counsel prior to the entry of his guilty plea, the record does affirmatively refute his claim of ineffective assistance of counsel because it demonstrates that his plea was entered knowingly, understandingly, intelligently, and voluntarily, and it establishes the benefit Robeson received by entering this plea. Given our reading of the record, we conclude that Robeson cannot demonstrate that he was prejudiced by any advice counsel gave him regarding accepting the terms of the plea agreement.

At the plea hearing, Robeson indicated that his guilty plea was his "own free and voluntary act." He told the court that he had discussed the plea with defense counsel and that he was satisfied with defense counsel's representation. We also note that at the sentencing hearing, Robeson repeatedly reaffirmed his decision to plead guilty to first degree sexual assault and to accept the terms of the plea agreement, even when he was given a chance to change his mind.

In addition, in light of the available evidence against him, the plea agreement benefited Robeson. Initially, Robeson was charged with two counts of first degree sexual assault of a child, each a Class IB felony. As a result of the plea agreement, Robeson was allowed to plead guilty to one count of

first degree sexual assault, a Class II felony. Robeson had confessed to the acts which resulted in the charges against him, and the victim was capable of testifying against him. As such, if Robeson had gone to trial on the original charges, there was a strong possibility that he would have been convicted of two Class IB felonies. His agreement to jointly recommend a sentence of 40 to 40 years' imprisonment was arguably based on his recognition that he could have been sentenced to a much longer period of incarceration if he chose to go to trial on the original charges rather than pleading guilty to one, reduced charge pursuant to the terms of the plea agreement.

We conclude that Robeson cannot show that he was prejudiced by any advice his trial counsel provided regarding his acceptance of the plea agreement. As such, we conclude that this assertion of ineffective assistance of trial counsel is without merit.

### (b) Failure to Request Presentence
### Investigation Report

Robeson asserts his trial counsel rendered deficient performance by failing to request that a presentence investigation report be completed prior to sentencing. Although our record does reflect that Robeson waived his right to a presentence investigation report, the record does not reflect the conversations Robeson had with trial counsel prior to entering this waiver. In addition, as we discussed above, the district court did not specifically ask Robeson on the record if he was waiving his right to the presentence investigation report knowingly, voluntarily, and intelligently. The court also did not ask him if he had a chance to discuss the waiver with his counsel. Accordingly, we are unable to discern whether or to what extent counsel's advice played a role in Robeson's decision to waive his right to the presentence investigation report. Essentially, the record is insufficient for this court to consider this allegation of ineffective assistance of counsel on direct appeal.

## VI. CONCLUSION

Upon our review, we conclude that the district court did not err in accepting the jointly recommended sentence of 40 to 40 years' imprisonment and sentencing Robeson accordingly. In addition, we find that Robeson did not receive ineffective assistance of counsel when counsel advised him to accept the plea agreement. We find that the record is insufficient to address Robeson's claim that his counsel was also ineffective in advising him to waive his right to a presentence investigation report.

Affirmed