STATE OF NEBRASKA, APPELLEE, V. DONALD D. HERZOG, APPELLANT.

277 N. W. 2d 705

Filed April 24, 1979. No. 42221.

Duane A. Burns of Mayer, Burns & Mayer, for appellant.

Paul L. Douglas, Attorney General, and Lynne Rae Fritz, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal from an order revoking probation. The defendant was placed on 3 years probation on November 3, 1975, after a plea of guilty to a

charge of breaking and entering an automobile. At both the arraignment and the hearing on revocation of probation, the charge involved the excessive use of alcohol. As part of the defendant's order of probation, he was ordered to undergo psychiatric treatment and he did so. At a hearing on June 22, 1978, the defendant admitted violation of the conditions of probation, to wit: The operation of a motor vehicle while under the influence of intoxicating liquor. The defendant further admitted that he had violated the terms and conditions of probation on a number of occasions and that he had been engaged in drinking alcoholic beverages for at least 1 year prior to the date of hearing. The trial court took evidence offered by the defendant with respect to his work record and his efforts at obtaining an education, but nevertheless found that the violations merited a sentence in the penal complex. The sole and only error claimed is the failure of the trial court to order a new presentence investigation in view of the fact that 2 years 7 months had passed from the time of the plea of guilty to the hearing on the revocation. We affirm.

The defendant at the revocation hearing freely admitted his violation of probation and was extended an opportunity to present extended evidence as to extenuating circumstances and the efforts of rehabilitation. The trial court took into consideration the fact that the incident of which the defendant pled guilty was one of a number of incidents involving drinking and driving and another incident involving the malicious destruction of property by firearm. At the motion for new trial, the defendant offered by affidavit the testimony of a physician to the effect that the defendant would suffer physical and mental hardship if he were confined in the penal complex. All other evidence favorable to the defendant was presumably introduced at the probation hearing. "It is to be noted that section 29-2261, R. R.

S. 1943, does not by its literal terms require a multiple presentence investigation in situations such as is before us. * * * [W]hether successive presentence investigations are necessary before the revocation of an order of probation is entered rests in the sound discretion of the sentencing judge.'' State v. Snider, 197 Neb. 317, 248 N. W. 2d 342. We note that as in State v. Stroud, 200 Neb. 27, 261 N. W. 2d 777, the facts of the case were presented and the violation of probation was apparent. We find no abuse of discretion by the trial judge.

The judgment and sentence of the trial court are affirmed.

AFFIRMED.