STATE OF NEBRASKA, APPELLEE, V. ANN M. TOLBERT, APPELLANT.
394 N.W.2d 288
Filed October 3, 1986.   No. 86-134.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Robert M. Spire, Attorney General, and Bernard L. Packett, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal taken from the district court for Douglas County. The appellant, Ann M. Tolbert, was serving a 90-day sentence for various misdemeanor convictions. While incarcerated, the appellant was given permission by the director of the Douglas County Correctional Center to participate in an alcohol treatment program at NOVA Therapeutic Community center. On November 27, 1985, the appellant left NOVA without explanation or permission and was not found for 2 weeks. The appellant pled guilty to one count of escape and was sentenced to a 6-month term at the Douglas County Department of Corrections.

At the taking of the plea, counsel for appellant suggested that the court review the extensive presentence investigation done for her misdemeanor convictions instead of requiring a new investigation. Counsel stated that nothing had changed in the 2 months since the completion of that report. The court agreed to use the presentence investigation prepared for the appellant's misdemeanor convictions.

At the sentencing hearing the court asked both the appellant

and her counsel if they desired to waive the appellant's right to have a presentence investigation completed with regard to the appellant's escape conviction. Both replied in the affirmative. Sentence was then pronounced. Appellant now assigns as error the failure of the sentencing court to obtain a presentence investigation with regard to her escape conviction.

Neb. Rev. Stat. § 29-2261 (Reissue 1985) states in part: "Unless it is impractical to do so, when an offender has been convicted of a felony, the court shall not impose sentence without first ordering a presentence investigation of the offender and according due consideration to a written report of such investigation." We construe § 29-2261 as a mandate upon the sentencing court to obtain and consider a presentence investigation with every felony conviction. This mandate is imposed for the benefit of the defendant and, as we read § 29-2261, gives the defendant a statutory right to a presentence investigation. However, the right to have a presentence investigation completed prior to being sentenced may be waived.

In *State v. Hiross*, 211 Neb. 319, 318 N.W.2d 291 (1982), we held that once the appellant waived the court's offer to provide her with a presentence investigation, appellant could not later claim error. The cases relied upon by the appellant, *State v. Jackson*, 192 Neb. 39, 218 N.W.2d 430 (1974), and *State v. Zobel*, 192 Neb. 480, 222 N.W.2d 570 (1974), differ critically from the facts of *Hiross* and the case at hand in that they do not involve a waiver by the appellants of their right to a presentence investigation.

Although the facts at hand involve a felony conviction, the sentencing court did have access to a complete presentence investigation done only 2 months earlier. We have held that in instances of probation revocation, successive and repetitive presentence investigations are not required. See, *State v. Snider*, 197 Neb. 317, 248 N.W.2d 342 (1977); *State v. Herzog*, 203 Neb. 195, 277 N.W.2d 705 (1979). In view of these cases the savings clause in § 29-2261, which permits that presentence investigation not be required in instances in which it would be impractical, can safely be interpreted as including cases such as the one at hand where a presentence investigation would be

needlessly repetitive of one completed just a short time earlier. In this case the earlier investigation was available to the sentencing court and, in our opinion, satisfied the mandate of § 29-2261. The judgment of the district court is affirmed.

AFFIRMED.