Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/27/2020 09:07 AM CDT

State of Nebraska, appellee, v.
Matthew P. Iddings, appellant.
___ N.W.2d ___

Filed January 3, 2020.    No. S-19-304.

1. **Judgments: Appeal and Error.** When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.

2. **Constitutional Law: Waiver: Appeal and Error.** In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review.

3. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

4. **Plea Bargains: Waiver: Appeal and Error.** Where no objection was made to the sentencing judge for a plea bargain violation, the defendant has waived the error and it has not been preserved for appellate review.

5. **Effectiveness of Counsel: Proof.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

6. **Courts: Plea Bargains.** Courts enforce only those terms and conditions actually agreed upon by the parties to a plea agreement.

7. **Plea Bargains.** A party breaches a plea agreement either by (1) violating an express term of the agreement or (2) acting in a manner not specifically prohibited by the agreement but still incompatible with explicit promises made therein.

8. **Plea Bargains: Sentences.** A sentencing recommendation need not be enthusiastic in order to fulfill a promise made in a plea agreement.

9. **Appeal and Error.** It is a fundamental rule of appellate practice that an alleged error must be both specifically assigned and specifically argued

in the brief of the party asserting the error to be considered by an appellate court.

10. ____. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.

11. **Presentence Reports: Waiver.** The statutory right to have a presentence investigation completed prior to being sentenced may be waived so long as that waiver was knowingly and intelligently made.

12. **Waiver.** No formalistic litany of warnings is required to show that a waiver was knowingly and intelligently made.

13. **Presentence Reports: Waiver: Appeal and Error.** The appropriate standard to apply in the case of a waiver of the right to a presentence investigation under Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2014) is whether it is apparent from the totality of the circumstances reflected in the record that the defendant, when waiving the right, was sufficiently aware of his or her right to a presentence investigation and the possible consequences of his or her decision to forgo that right.

14. **Criminal Law: Waiver.** A knowing and intelligent waiver may be demonstrated by or inferred from the defendant's conduct.

15. **Courts: Presentence Reports: Waiver.** It is the better practice for a sentencing court to issue a more direct advisement of the statutory right to a presentence investigation, conduct an explicit inquiry into the voluntariness of a defendant's waiver of that right, and make explicit findings with respect to a waiver.

16. **Sentences: Appeal and Error.** Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits.

17. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

18. **Sentences.** The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

19. **Plea Bargains: Judges: Sentences.** A judge is in no manner bound to give a defendant the sentence recommended by the prosecutor under a plea agreement.

20. **Effectiveness of Counsel: Constitutional Law: Statutes: Records: Appeal and Error.** Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim

without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.

21. **Effectiveness of Counsel: Records: Appeal and Error.** When reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance, and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

Appeal from the District Court for Hall County: John H. Marsh, Judge. Affirmed.

Jonathan M. Hendricks, of Dowding, Dowding, Dowding & Urbom Law Offices, for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

Heavican, C.J., Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

This case presents an appeal from a sentence imposed after the defendant pled guilty pursuant to a plea agreement. The State and the defendant had jointly agreed to recommend an 18-month period of incarceration. The district court ultimately sentenced the defendant to an indeterminate term of 18 months' to 5 years' incarceration, and the defendant appeals. The defendant asserts that the State breached its agreement to recommend a sentence of 18 months' incarceration by remarking that it "struggled" concerning the sentencing recommendation. Further, the defendant argues that the court erred by failing to order a presentence investigation when, although defense counsel below stated that the defendant was waiving the presentence investigation, the court only articulated that it had found such an investigation to be impractical. The defendant argues that the court abused its discretion in finding a

presence investigation impractical. The defendant generally asserts that the sentence was excessive and was a result of the court's abuse of discretion in failing to consider all of the sentencing factors, such as mentality, education and experience, or social and cultural background, in part as a result of failing to conduct a presentence investigation. Finally, the defendant argues that defense counsel below was ineffective for failing to request the proper amount of jail time credit pertaining to alleged time spent in jail in another county under arrest warrants for both the present case and the charges filed in that other county.

## BACKGROUND

In relation to a traffic stop that occurred in July 2015, the defendant, Matthew P. Iddings, was originally charged under "60-6,196.15" with driving under the influence (DUI), fourth offense aggravated, a Class III felony. Defense counsel and the State reached a plea agreement pursuant to which the State filed an amended information charging Iddings with a nonaggravated DUI, fourth offense, under Neb. Rev. Stat. § 60-6,196 (Reissue 2010), a Class IIIA felony.

The amended information described that on July 2, 2015, Iddings operated a motor vehicle and had a concentration of .08 of 1 gram or more by weight of alcohol per 100 milliliters of his blood or .08 of 1 gram or more by weight of alcohol per 210 liters of his breath. The amended complaint further alleged that this was the fourth DUI offense committed by Iddings, who had been previously convicted of DUI in Nebraska on or about May 26, 2005, and March 15 and December 12, 2007.

At the plea and sentencing hearing held on March 6, 2019, defense counsel and the State explained to the court that they had reached a plea agreement under which the State amended the information from aggravated DUI, fourth offense, to nonaggravated DUI, fourth offense, and agreed to recommend jointly with defense counsel that Iddings be sentenced to 18 months' incarceration.

As the factual basis for the crime, the State recited that on July 2, 2015, the "Nebraska State Patrol Help Line" received multiple telephone calls about a potential drunk driver on Interstate 80. An officer was able to locate the vehicle and observed both passenger-side tires drive off the shoulder of the roadway two different times. The officer conducted a traffic stop and, upon contact with the driver, Iddings, noticed a smell of alcoholic beverage. A blood draw was eventually conducted on Iddings, which demonstrated .307 grams of alcohol per 100 milliliters of blood.

Defense counsel agreed with the factual basis. Defense counsel also stated the defense was willing to stipulate to the prior DUI offenses alleged in the information and that Iddings had been represented by an attorney in each of the three prior offenses.

The court found the factual basis adequate to support the plea. After a standard plea colloquy, the court accepted Iddings' no contest plea. The court found that the plea was not a result of any promise or threat; that the plea was entered knowingly, voluntarily, and intelligently; and that Iddings knowingly, voluntarily, and intelligently waived his constitutional rights.

Defense counsel advised the court that Iddings' preference was to proceed immediately to sentencing, noting that he had calculated the jail time credit. The court did so.

When the court asked about a presentence investigation, defense counsel stated, "Your honor, . . . Iddings will waive his right to a presentence investigation." When asked by the court for its comments, the State expressed that it had no objection to Iddings' waiver of the presentence investigation. However, Iddings was not personally addressed by the court regarding such waiver.

The State noted with regard to Iddings' criminal history that other than the three prior convictions listed on the information, Iddings also had a prior DUI in 1997. Further, he had committed a more recent DUI in Sarpy County around the same time as the charge he had just pled to and for which in October 2018

he had been sentenced to 18 months' incarceration. Lastly, Iddings had a pending DUI charge in Grant County.

Defense counsel did not contest this history other than clarifying that Iddings had just finished serving his sentence on the Sarpy County conviction in October 2018, as opposed to being sentenced in October 2018. Further, defense counsel described that Iddings had already pled guilty to the charge of nonaggravated DUI, fourth offense, in Grant County and was awaiting sentencing.

After being so informed of the pending charges in Grant County, the district court for Hall County confirmed that Iddings was "likely to be transported to another county when [Hall County authorities were] done with him." The court found "under those circumstances that a presentence investigation is impractical." Defense counsel did not object to this conclusion. The court did not make an express finding that the presentence investigation had been waived.

Defense counsel asked the court to adopt the plea agreement and sentence Iddings to 18 months' incarceration with 136 days' credit. Defense counsel informed the court that Iddings had been in jail from October 23, 2017, to the date of the hearing, March 6, 2019, and that he had been in jail for 2 additional days in 2015.

Defense counsel asked the court to consider in sentencing that Iddings had not been out of jail since 2017 and had thus experienced a long period of sobriety. According to defense counsel, Iddings fully intended to "walk out of the Department of Corrections a better man than when he went in, and he does believe that he can maintain long-term sobriety."

When asked by the court for its thoughts on sentencing, the State said:

> [W]hen negotiating this case with [defense counsel], I really struggled on what to agree to. We came down to the 18 months because that is what he got on a similar charge in another county. If he was serving any other sentence, I — I don't know if I would have agreed; but since this

will be consecutive to anything else that he was serving previously, I agreed to recommend the 18 months.

I will note in addition to the DUIs that I've already mentioned, he did fail to appear in this case on June 8th, 2016, and was not arrested until, I believe, a year later; and then he was transported here, I believe, on October 24th of last year.

The record reflects that a bench warrant had been issued by the district court for Hall County on June 8, 2016, for Iddings' failure to appear at a scheduled hearing. The appellate record does not reflect an arrest in Sarpy County in 2017. Instead, a document filed on October 24, 2018, reflects that Iddings was arrested in Hall County on October 23, 2018, on the June 8, 2016, warrant.

Having been present for the foregoing, Iddings was asked by the court whether he had any legal reason why the court should not pronounce its sentence and whether he had anything else to bring to the court's attention before the court sentenced him. Iddings responded that he did not have any reason why the court should not proceed to sentencing. Iddings apologized for not appearing in court on June 8, 2016, explaining, "It was a health issue, I was in the hospital."

The court sentenced Iddings to a term of incarceration of 18 months to 5 years, with "credit for 136 days." Iddings' driver's license was revoked for 15 years. Defense counsel raised no objection to the sentence. In its final order, the court noted that the parties had agreed to 18 months' incarceration and informed Iddings that it was not bound by the plea negotiations. The court reiterated its conclusion that a presentence investigation would be impractical and did not articulate anything pertaining to a waiver of the same.

Iddings appeals his sentence. He has obtained new counsel to represent him on appeal.

## ASSIGNMENTS OF ERROR

Iddings assigns that (1) the district court abused its discretion by sentencing him to a term of incarceration of 18 months

to 5 years without due consideration of established sentencing factors, (2) the State violated the plea agreement, (3) he was entitled to additional credit for time served, (4) trial counsel was ineffective for failing to object to the State's violation of the plea agreement, and (5) trial counsel was ineffective for failing to request at the sentencing hearing additional credit for time served.

## STANDARD OF REVIEW

[1] When issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision of the court below.[1]

[2] In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review.[2]

[3] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[3]

## ANALYSIS

Iddings' fundamental complaint on appeal is that he was sentenced to an indeterminate period of incarceration of 18 months to 5 years rather than 18 months to 18 months. He seeks the option of withdrawing his plea or seeking resentencing before a different judge on the ground that the State allegedly breached its plea agreement by undermining its recommendation of an 18-month sentence of incarceration. Alternatively, Iddings seeks resentencing under the assertions that the court imposed an excessive sentence and that the court's decision to forgo a presentence investigation was plain error. Finally, Iddings argues that defense counsel below was ineffective for

---

[1] *State v. Landera*, 285 Neb. 243, 826 N.W.2d 570 (2013).

[2] *State v. Qualls*, 284 Neb. 929, 824 N.W.2d 362 (2012).

[3] *State v. Montoya, ante* p. 96, 933 N.W.2d 558 (2019).

failing to request credit for an additional 58 days' jail time for which he was ineffectively given credit against the sentence imposed in Sarpy County. We find that Iddings' claim regarding credit for time served cannot be determined on direct appeal, and we disagree with Iddings' remaining assignments of error. We affirm the judgment below.

## Plea Agreement

[4] Iddings asserts that the State breached its plea agreement to recommend 18 months of incarceration by effectively undermining that sentence in its comments to the court at the sentencing hearing. Trial counsel did not object to the State's comments. Where no objection was made to the sentencing judge for a plea bargain violation, the defendant has waived the error and it has not been preserved for appellate review.[4] Iddings argues, however, that trial counsel was ineffective by failing to object to the alleged breach and either ask the court to allow Iddings to withdraw the plea or demand specific performance of the plea agreement before a different judge.[5]

[5] We agree with Iddings and the State that this ineffective assistance of counsel claim can be resolved on direct appeal, because the record is sufficient to adequately review the question.[6] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[7] the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[8]

---

[4] See *State v. Sidzyik*, 281 Neb. 305, 795 N.W.2d 281 (2011).

[5] See *id*.

[6] See *State v. Stelly, ante* p. 33, 932 N.W.2d 857 (2019).

[7] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[8] *State v. Oliveira-Coutinho, ante* p. 147, 933 N.W.2d 825 (2019).

[6,7] We enforce only those terms and conditions actu-ally agreed upon by the parties to a plea agreement.[9] A party breaches a plea agreement either by (1) violating an express term of the agreement or (2) acting in a manner not specifically prohibited by the agreement but still incompatible with explicit promises made therein.[10] On this latter means of breaching an express provision of a plea agreement, we have explained that the State must not "effectively undermine the promised recommendation."[11]

Thus, in *State v. Landera*,[12] we held that the State had breached a plea agreement to recommend probation when it stated at sentencing that it could not recommend probation and believed the court should impose incarceration instead, elaborating upon the danger that the defendant would pose to the public if placed immediately on probation. The State had also made a "perfunctory recommendation of probation," but we concluded that "the tenor of [the State's] entire argument undermined its purported recommendation, thereby breaching the express term of the agreement."[13]

[8] *Landera* is distinguishable from the present case. At Iddings' sentencing hearing, the State merely expressed that it had "struggled" with what to agree to. Nevertheless, the State reinforced its agreed-upon sentencing recommen-dation by stating that after this "struggle[]," it ultimately found 18 months' incarceration to be reasonable given that the sentence would be consecutive to Iddings' sentence on a similar charge in another county. While the State also pointed out Iddings' prior failure to appear, the State did not assert or even imply that this fact, or any other, meant that

---

[9] See *State v. Landera, supra* note 1.

[10] See *id.*

[11] *Id.* at 257, 826 N.W.2d at 579.

[12] *State v. Landera, supra* note 1.

[13] *Id.* at 256, 826 N.W.2d at 578-79.

Iddings should be incarcerated more than 18 months. As we stated in *Landera*, "a sentencing recommendation need not be enthusiastic in order to fulfill a promise made in a plea agreement."[14] The State did not effectively undermine its promised recommendation.

Defense counsel below was not deficient for failing to object to the State's alleged breach of the plea agreement, because the State did not commit such a breach.

## Lack of Presentence Investigation

[9,10] Next, Iddings argues that the district court committed plain error by failing to procure a presentence investigation before sentencing. The State asserts that this argument was not assigned as error. It is a fundamental rule of appellate practice that an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.[15] A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered.[16]

While we agree with the State that Iddings' assignment of error could have been better crafted, we will consider the failure to procure the presentence investigation as encompassed by Iddings' assignment of error that "[t]he district court abused its discretion by sentencing [Iddings] to a sentence of eighteen months to five years without due consideration of established sentencing factors." Iddings argues that the absence of the presentence investigation contributed to the court's ultimate failure to consider all the relevant sentencing factors, which constituted the alleged abuse of discretion in reaching the indeterminate 18-month-to-5-year sentence that Iddings asks this court to reverse as excessive.

---

[14] *Id.* at 257, 826 N.W.2d at 579.

[15] *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019).

[16] *Id.*

Neb. Rev. Stat. § 29-2261(1) (Cum. Supp. 2014) provides that "[u]nless it is impractical to do so, when an offender has been convicted of a felony other than murder in the first degree, the court shall not impose sentence without first ordering a presentence investigation of the offender and according due consideration to a written report of such investigation." Section 29-2261(3) explains that, among other things,

> [t]he presentence investigation and report shall include, when available, an analysis of the circumstances attending the commission of the crime, the offender's history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation, and personal habits, and any other matters that the probation officer deems relevant or the court directs to be included.

We have construed the plain language of § 29-2261 as a mandate upon the sentencing court to obtain and consider a presentence investigation with every felony conviction unless applicable exceptions render such an investigation unnecessary.[17] The presentence investigation serves several functions, including providing information to the court to assist in the imposition of an appropriate individualized sentence based on knowledge of the convicted person's background and character which may not otherwise be available to the sentencing court, especially in a plea-based conviction.[18]

[11] The statutory right to have a presentence investigation completed prior to being sentenced may, however, be waived so long as that waiver was knowingly and intelligently made.[19] We find that Iddings expressly and effectively waived his right to a presentence investigation and that thus,

---

[17] *State v. Tolbert*, 223 Neb. 794, 394 N.W.2d 288 (1986). See, also, e.g., *State v. Qualls, supra* note 2; *State v. Thomas*, 268 Neb. 570, 685 N.W.2d 69 (2004); *State v. Jackson*, 192 Neb. 39, 218 N.W.2d 430 (1974).

[18] *State v. Albers*, 276 Neb. 942, 758 N.W.2d 411 (2008).

[19] *State v. Qualls, supra* note 2; *State v. Tolbert, supra* note 17.

he cannot assert on appeal that the trial court erred by failing to order that a presentence investigation be conducted prior to sentencing.

[12,13] No formalistic litany of warnings is required to show that a waiver was knowingly and intelligently made.[20] Instead, the appropriate standard to apply in the case of a waiver of the right to a presentence investigation under § 29-2261 is whether it is apparent from the totality of the circumstances reflected in the record that the defendant, when waiving the right, was sufficiently aware of his or her right to a presentence investigation and the possible consequences of his or her decision to forgo that right.[21] But, as a general matter, being informed of a right to a presentence investigation demonstrates that the defendant was sufficiently aware of both the right and the possible consequences of his or her decision to forgo that right,[22] because the consequences of the failure to procure a presentence investigation for the court's consideration at sentencing are largely self-evident.[23]

Iddings was present and remained silent when his counsel expressly waived what counsel expressly described as Iddings' "right" to a presentence investigation. Later, when the court asked Iddings if there was any legal reason why the court should not proceed to sentencing or anything Iddings would like to add, Iddings failed to raise the lack of a presentence investigation. Iddings, through his silent acquiescence to his counsel's statement of waiver and failure to object or otherwise raise the issue to the court, waived his right to a presentence investigation. We have held in various circumstances that a defendant may waive a right by silently acquiescing to the

---

[20] See *State v. Qualls, supra* note 2. See, also, *State v. Jenkins*, 303 Neb. 676, 931 N.W.2d 851 (2019).

[21] *State v. Qualls, supra* note 2; *State v. Tolbert, supra* note 17.

[22] See, *State v. Qualls, supra* note 2; *State v. Robeson*, 25 Neb. App. 138, 903 N.W.2d 677 (2017).

[23] See *State v. Qualls, supra* note 2.

waiver given by his counsel and by failing to object and raise the issue to a trial court.[24]

We find no merit to any contention that the record fails to demonstrate that this waiver was effective because the district court did not specifically inquire of Iddings whether he understood the right and whether anyone had threatened or promised him anything to waive the right and did not inform Iddings of what a waiver would entail. The facts of this case are similar to those presented in *State v. Robeson*,[25] wherein the Court of Appeals found that it was apparent from the totality of the circumstances reflected in the record that the defendant had knowingly, intelligently, and voluntarily waived the right to a presentence investigation, despite the lack of any colloquy between the court and the defendant.

In *Robeson*, sentencing had been expedited and there was a jointly recommended sentence pursuant to a plea agreement. The district court had confirmed with defense counsel in the defendant's presence that the defendant was waiving his "right" to a presentence investigation. The defendant did not engage in any further discussion or objection with regard to his counsel's statement that he was waiving his right to a presentence investigation. The defendant and his counsel were given the opportunity at the sentencing hearing to present any mitigating factors they wished the court to consider, and defense counsel affirmed that there was no other legal reason why the court should not impose a sentence at that time.[26]

[14] A knowing and intelligent waiver may be demonstrated by or inferred from the defendant's conduct.[27] Iddings'

---

[24] See, *State v. Sayers*, 211 Neb. 555, 319 N.W.2d 438 (1982); *Sedlacek v. State*, 147 Neb. 834, 25 N.W.2d 533 (1946); *State v. Robeson, supra* note 22.

[25] *State v. Robeson, supra* note 22.

[26] See, *State v. Sayers, supra* note 24; *Sedlacek v. State, supra* note 24; *State v. Robeson, supra* note 22.

[27] See *State v. Qualls, supra* note 2.

defense counsel below, in Iddings' presence, indicated that Iddings wished to proceed immediately to sentencing and waive his "right" to a presentence investigation in order to do so. Immediately prior to this exchange in which defense counsel stated that Iddings was waiving his right to a presentence investigation, Iddings' ability to waive his right to trial had been evaluated under a standard plea colloquy, the court having found no impediment to his capacity in that regard. And Iddings confirmed that he was aware of no legal reason why the court should not pronounce its sentence. Both Iddings and his defense counsel below were given the opportunity to present any mitigating circumstances or other matters. They both highlighted what facts and circumstances they wished the court to consider in sentencing—which would have been reflected in the presentence investigation, had Iddings not waived it.

While appellate counsel points out that the district court did not actually articulate as a finding that Iddings had waived his right to a presentence investigation, that is not dispositive. There is no indication that the court found that Iddings had failed to effectively waive his right to a presentence investigation; the court merely focused on its conclusion that a presentence investigation "is found to be impractical." A silent record is insufficient for a court on appeal to conclude a knowing, intelligent, and voluntary waiver of a constitutional or statutory right,[28] but the record here is not silent. The record need not affirmatively contain the lower court's express finding of a knowing, intelligent, and voluntary waiver in order for this court to observe that the record affirmatively demonstrates that a knowing, intelligent, and voluntary waiver has been made. Again, the appropriate standard to apply in the case of a waiver of a right to a presentence investigation under § 29-2261 is whether it is apparent from the record that the defendant's

---

[28] See, *State v. Porchia*, 221 Neb. 327, 376 N.W.2d 800 (1985); *State v. Morford*, 192 Neb. 412, 222 N.W.2d 117 (1974); *State v. Balvin*, 18 Neb. App. 690, 791 N.W.2d 352 (2010).

relinquishment of the right was knowingly and intelligently made.[29] The record in this case affirmatively demonstrates that Iddings knowingly, intelligently, and voluntarily waived his statutory right to a presentence investigation.

[15] We agree with the Court of Appeals' statement in *Robeson* that it is "the better practice" for a sentencing court to issue a more direct advisement of the statutory right to a presentence investigation, conduct an explicit inquiry into the voluntariness of a defendant's waiver of that right, and make explicit findings with respect to a waiver.[30] We encourage courts to adopt this better practice. Conducting a colloquy for a waiver of a presentence investigation ensures that the record will affirmatively demonstrate that the defendant has knowingly, intelligently, and voluntarily waived that right. While the record in this case is adequate without such a colloquy, it may not be in another case.

Having concluded that the court did not err in failing to order a presentence investigation, because Iddings expressly waived that statutory right, we need not consider whether the court abused its discretion in determining that a presentence investigation was impractical because Iddings was likely to be transported to another county immediately after sentencing.

## Excessive Sentence

[16,17] Next, we address Iddings' excessive sentence argument. Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits.[31] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[32]

---

[29] *State v. Qualls, supra* note 2.

[30] *State v. Robeson, supra* note 22, 25 Neb. App. at 148, 903 N.W.2d at 686.

[31] *State v. Montoya, supra* note 3.

[32] *Id.*

A Class IIIA felony under Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014), in effect at the time the offense was committed, was punishable with a maximum of 5 years' imprisonment, a $10,000 fine, or both. There was no minimum. Where, as here, a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[33]

[18] In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[34]

Appellate counsel asserts that the district court abused its discretion by rendering its sentence without any "real consideration" of the above sentencing factors other than Iddings' criminal history and the factual basis for the crime.[35] But, as already noted, the court gave defense counsel and Iddings the opportunity to present anything they wished the court to consider before reaching its sentencing decision.

Defense counsel responded to this opportunity by asserting that Iddings had been sober since 2017 and planned to remain so. Iddings, for his part, explained that he had failed to appear at a prior hearing because he had been in the hospital. To the extent that the district court did not consider more information

[33] *Id*. See, also, *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019).

[34] *Id.*

[35] Brief for appellant at 12.

pertaining to Iddings' mentality, education and experience, or social and cultural background, this was due to Iddings' waiver of the presentence investigation and his deliberate decision not to otherwise present at the hearing facts pertaining to these factors. Under such circumstances, we find no abuse of discretion.[36]

We also agree with the State that it is difficult to find an abuse of discretion in an excessive sentence analysis when the minimum imposed was the term the defendant agreed to in a plea bargain agreement. It is the minimum portion of an indeterminate sentence which measures its severity.[37]

[19] We find no merit to Iddings' assertion that the district court "abused its discretion by disregarding the joint plea recommendation."[38] Assuming without deciding that the joint plea recommendation was, as Iddings asserts, for an indeterminate term of incarceration of 18 months to 18 months, a judge is in no manner bound to give a defendant the sentence recommended by the prosecutor under a plea agreement.[39] Given the number of DUI convictions and charges that were undisputed below, it was reasonable for the court to conclude that it was necessary for Iddings' safety and the safety of the public to impose a higher maximum term in order to ensure proper postrelease supervision.

CREDIT FOR TIME SERVED

Lastly, appellate counsel argues in this direct appeal that defense counsel below was ineffective for failing to request 58 additional days of jail time credit under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014), for time spent in jail in Sarpy County. He asserts that according to § 83-1,106(1), 336 days

---

[36] See *State v. Qualls, supra* note 2.

[37] See, e.g., *State v. McCaslin*, 240 Neb. 482, 482 N.W.2d 558 (1992); *State v. Haynie*, 239 Neb. 478, 476 N.W.2d 905 (1991).

[38] Brief for appellant at 11.

[39] See *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

were simultaneously "as a result of the criminal charge for which a prison sentence [was] imposed" below and as a result of the charge in Sarpy County. According to appellate counsel, although the district court for Sarpy County purported to apply all 336 days against the sentence there imposed, 58 days of that jail time were not truly applied because they were in excess of the 278 days he was sentenced to serve, when calculated with mandatory good time.

[20] According to appellate counsel, defense counsel below should have been aware that the 58 days' jail time credit was the "result of" the underlying charge in this case and that it had not been truly applied in the Sarpy County case. Thus, appellate counsel concludes that defense counsel was ineffective in failing to request the proper amount of jail time credit—when defense counsel had waived the presentence investigation and represented that he was able to accurately inform the court of the applicable jail time. Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement.[40]

[21] The determining factor is whether the record is sufficient to adequately review the question.[41] We have said the record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy.[42] We have also said that when reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel

---

[40] *State v. Stelly, supra* note 6.

[41] *Id.*

[42] *Id.*

did or did not provide effective assistance, and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.[43]

Appellate counsel and the State both suggest that we cannot resolve this claim of ineffective assistance of counsel on direct appeal, since it depends upon facts outside the appellate record. We agree. The exact credit for time served to which a defendant is entitled is objective and not discretionary, and a question of law,[44] but the necessary facts to conduct such an analysis in this case are not contained within the record on direct appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment below.

AFFIRMED.

MILLER-LERMAN, J., participating on briefs.

---

[43] *Id.*

[44] See *id.*