IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. LOCKETT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOE R. LOCKETT, APPELLANT.

Filed February 25, 2020.   No. A-19-673.

Appeal from the District Court for Dodge County: GEOFFREY C. HALL, Judge. Affirmed.

Linsey Moran Bryant, of Sidner Law, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Joe R. Lockett appeals his plea-based conviction for human trafficking/sex trafficking of a minor and child abuse. He was sentenced to 20 years' imprisonment to 20 years and 1 day's imprisonment for human trafficking/sex trafficking of a minor and 3 years' imprisonment for child abuse. Lockett contends that the sentences imposed were excessive, and his trial counsel was ineffective for various reasons. Based on the analysis set forth herein, we affirm the district court and conclude Lockett failed to establish his ineffective assistance of counsel claims.

## II. STATEMENT OF FACTS

We begin by outlining a series of hearings as they are pertinent in addressing Lockett's claims. On January 1, 2019, Lockett was charged with one count of first degree sexual assault of a child, a Class IB felony. See Neb. Rev. Stat. § 28-319.01(1)(b) and (2) (Reissue 2016). A few days later on January 7, Lockett pled no contest to the information as filed in exchange for the

- 1 -

State not filing other charges and not filing an enhancement. Lockett indicated he had enough time to consult with his attorney and was satisfied with the plea and work of his attorney. The district court explained to Lockett the penalties associated with a Class IB felony, and Lockett replied that he understood. The State then provided the following factual basis:

> [O]n or about October 26th, 2018 Dodge County law enforcement had contact with the Defendant, Joe Lockett, and a 15-year-old female. During the investigation, law enforcement determined that [Lockett], then age 37, had sexually penetrated the 15-year-old female in a Fremont hotel room in the hours before contact with law enforcement. All this occurred in Dodge County.

Following this recitation, the district court found beyond a reasonable doubt that there was a factual basis for the plea, accepted his plea of no contest, and found Lockett guilty of the only count listed in the information.

The district court ordered a presentence investigation report (PSR), but the report indicated Lockett refused to participate in the interview. At a January 30, 2019, hearing, the district court granted Lockett's counsel's motion to withdraw as attorney for Lockett and appointed Lockett a new attorney. Lockett's new counsel then filed a motion to withdraw his plea alleging Lockett's original counsel was ineffective in (1) failing to confirm that the plea was based upon an "agreed upon sentence of 20 years' to 20 years' in prison"; (2) failing to advise Lockett that he could move to suppress his statement made to law enforcement; (3) allowing Lockett to plead at an early stage while still subjecting him to a maximum sentence; and (4) failing to raise these issues, as instructed by Lockett, prior to withdrawal. At the March 27 hearing regarding Lockett's motion to withdraw his plea, the district court granted the State's request to continue the motion to withdraw the plea and inquired about the completion of the PSR report to which Lockett's attorney stated, "It was completed, Your Honor; however, Mr. Lockett declined participation in it with the understanding that he would be making this request." The district court asked if the PSR needed to be updated, to which Lockett's attorney stated, "If it comes to the point where sentencing is scheduled to go forward, then, yes."

On May 1, 2019, just prior to a hearing on Lockett's motion to withdraw plea, Lockett's new attorney informed the district court that a new plea agreement had been reached with a joint sentencing recommendation for, "a sentence of incarceration for 20 years to 20 years, credit for 188 days served," and Lockett agreed to retract his motion to withdraw his plea and proceed to sentencing. Prior to sentencing, the district court asked if the PSR needed any additions, corrections, or changes, to which Lockett's attorney replied no changes were needed. Lockett declined the court's request to address the court prior to sentencing. The district court then sentenced Lockett to imprisonment of not less than 20 years nor more than 20 years and 1 day, and credited Lockett for 188 days already served.

On May 29, 2019, Lockett filed a second motion to withdraw his plea and vacate his sentence. In this second motion, Lockett alleged the plea agreement was based upon Lockett's understanding that a 20-year sentence, with credit for good time served, would result in incarceration for 10 years' imprisonment less credit for time already served; however, Lockett was not apprised of the impact of the 15 years' "mandatory minimum" prison sentence associated with his plea to a violation of § 28-319.01(2), and that the court's imposition of the stipulated sentence

without reference to the mandatory minimum sentence was contrary to law. The court set a hearing on Lockett's second motion to withdraw his plea for June 28.

Prior to the June 28, 2019, hearing, the parties reached a new plea agreement, which terms included vacating Lockett's current sentence; withdrawing Lockett's January 7, 2019, plea; re-arraigning Lockett on an amended information; a new plea; and a new sentencing. Pursuant to the agreement, the State prepared an amended information, which charged Lockett with count I, human trafficking/sex trafficking of a minor, a Class IB felony, and count II, child abuse, a Class IIIA felony. See Neb. Rev. Stat. §§ 28-830(12) (human trafficking) and 28-831 (Cum. Supp. 2018) (human trafficking penalties), and 28-707(1)(d)(4) (Reissue 2016) (child abuse). Further, the State agreed to recommend a sentence of 20 years to 20 years and 1 day on count I and 3 years' imprisonment on count II, with both sentences to run concurrently. The State also agreed to recommend that Lockett receive 247 days' credit for time served and that both sentences would run concurrent to a separate Douglas County matter.

At a June 29, 2019, hearing, the court reviewed the terms of the aforementioned plea agreement with Lockett, and both Lockett and his attorney agreed to its terms. Lockett separately acknowledged that he had enough time to consult with his counsel and that he was satisfied with his current counsel's representation and competence. The district court then granted Lockett's request to vacate his former sentence and granted Lockett's request to withdraw his plea previously entered on January 7. The district court then reviewed the terms of the amended information and explained the penalties associated with the charges and the details governing the requirements of sex offender registration. The district court asked if Lockett understood the charges and if he was ready to proceed to which Lockett acknowledged he understood. Lockett agreed to proceed and pled no contest to the charges contained in the amended information. The State then provided the following factual basis:

On October 26th, 2018, an on-duty deputy sheriff performed a traffic stop on a motor vehicle for failing to stop at a stop sign on Highway 77 and Deborah Avenue. Law enforcement identified the driver of . . . this motor vehicle as the Defendant, Joe R. Lockett, with a date of birth of January . . . 1981. Dispatch advised that [Lockett] was on supervised release. Law enforcement noted that there was a young-looking female party in the vehicle with [Lockett]. They did identify this female party as I.B.F., with a date of birth of October . . . 2003, making her 15 years old at the time of this event.

Further investigation yielded that . . . I.B. had photos on her phone of herself in various stages of undress and pictures in her underwear. She later admitted to law enforcement that [Lockett] was trying to pimp her out. She admitted to law enforcement that she had sent the photos of herself in the various stages of undress to [Lockett]'s cell phone so [Lockett] could cause or attempt to cause her to engage in commercial sexual activity to make money for [Lockett]. All these events occurred in Dodge County, Nebraska.

After the State concluded the factual basis, the district court asked Lockett if he still wished to plead no contest to the offenses contained in the amended information, and Lockett replied affirmatively. The district court then accepted Lockett's pleas of no contest and found him guilty of each count contained in the amended information.

Addressing the PSR issue again, the district court engaged in the following discussion with Lockett:

THE COURT: . . . it's my understanding that you wish to waive your right to a Presentence Investigation Report and proceed directly to a sentencing hearing today; is that correct?

MR. LOCKETT: Yes, sir.

THE COURT: Have you discussed that right with your attorney?

MR. LOCKETT: Yes, sir.

THE COURT: Do you understand if you waive that right you will not be interviewed by probation, we will proceed directly to sentencing here today?

MR. LOCKETT: Yes, sir.

THE COURT: Are you making this waiver freely, voluntarily, knowingly, and intelligently?

MR. LOCKETT: Yes, sir.

The district court then found, beyond a reasonable doubt, that Lockett "freely, voluntarily, knowingly, and intelligently waive[d] his right to a [PSR]."

The district court then sentenced Lockett to 20 years' imprisonment to 20 years and 1 day's imprisonment for human trafficking/sex trafficking of a minor and 3 years' imprisonment for child abuse. The district court ordered the sentences to run "concurrent or together with each other" but also concurrent to a Douglas County sentence already being served. Lockett has timely appealed to this court.

## III. ASSIGNMENTS OF ERROR

Lockett assigns as error that the district court abused its discretion by imposing excessive sentences. Lockett also assigns as error, renumbered and restated, that he received ineffective assistance of both his court-appointed trial counsel in (1) waiving the PSR, (2) advising him to accept the plea agreements, (3) involving failures during the discovery process, (4) failing to investigate cell phone and social media evidence, (5) failing to develop a strategy for the defense of his case, (6) failing to request or investigate evidence from the hotel room, and (7) failing to investigate or request the existence of DNA testing or evidence.

## IV. STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Smith*, 302 Neb. 154, 922 N.W.2d 444 (2019).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id*.

- 4 -

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Lockett first argues the sentences imposed by the district court were excessive. Specifically, Lockett contends the district court abused its discretion by accepting the sentencing recommendation without reviewing any information other than the plea agreement, the factual basis, and Lockett's demeanor during his court appearances. Lockett asserts the ineffective assistance of his counsel regarding the PSR and other matters addressed below prevented the district court from having access to any of the relevant factors for a court to review prior to sentencing.

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Smith, supra*. The penalties corresponding to the felonies in the present action include a maximum sentence of life imprisonment and a minimum sentence of 20 years' imprisonment, for a Class IB felony, and a maximum of 3 years' imprisonment and 18 months' postrelease supervision or $10,000 fine, or both and a minimum sentence of none for imprisonment and 9 months' postrelease supervision if imprisonment is imposed, for a Class IIIA felony. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2018).

The district court sentenced Lockett to 20 years' to 20 years and 1 day's imprisonment for human trafficking/sex trafficking of a minor and to 3 years' imprisonment for child abuse. These sentences were both within the respective statutory sentencing ranges. Where the sentences imposed are within the statutory sentencing ranges, we will not disturb the sentences imposed unless there is an abuse of discretion by the district court. See *State v. Smith, supra* (sentence imposed within statutory limits will not be disturbed absent abuse of discretion by trial court).

Pursuant to Neb. Rev. Stat. § 29-2261(1) (Cum. Supp. 2018), "Unless it is impractical to do so, when an offender has been convicted of a felony other than murder in the first degree, the court shall not impose sentence without first ordering a presentence investigation of the offender and according due consideration to a written report of such investigation." This court has previously articulated that there are exceptions to the requirement of ordering a presentence investigation prior to sentencing a convicted felon. In *State v. Robeson*, 25 Neb. App. 138, 144-45, 903 N.W.2d 677, 684 (2017), we explained:

> The first such exception is set out in § 29-2261(1) itself; an investigation is not necessary if it would be "impractical." The Nebraska Supreme Court has explained that a presentence investigation may be impractical where another investigation had just been completed. See *State v. Qualls*, 284 Neb. 929, 824 N.W.2d 362 (2012). In addition to the statutory exception, the Supreme Court has held that such a presentence investigation may be waived. See *id*. See, also, *State v. Tolbert*, 223 Neb. 794, 394 N.W.2d 288 (1986). A waiver is defined as "the voluntary and intentional relinquishment of a known right, privilege, or claim, and may be demonstrated by or inferred from a person's conduct. . . . A voluntary waiver, knowingly and intentionally made, must affirmatively appear from the record, before a court may conclude that a defendant has waived a right constitutionally guaranteed or granted by statute." *State v. Kennedy*, 224 Neb. 164, 170, 396 N.W.2d 722, 726 (1986) (citations omitted).

In the present action, Lockett waived his right to a PSR after being informed of this right by the district court. During its discussion with Lockett, the district court asked if he had counseled with his attorney about the right to a PSR, to which Lockett answered affirmatively. The district court then asked Lockett if he understood that his waiver meant he would not be interviewed by probation and the court would proceed directly to sentencing. Again, Lockett answered affirmatively. The district court asked both Lockett and his attorney if Lockett was making this waiver freely, voluntarily, knowingly, and intelligently, to which both Lockett and his attorney again responded in the affirmative. At the close of these questions, the district court found, beyond a reasonable doubt, that Lockett freely, voluntarily, knowingly, and intelligently waived his right to a PSR.

The record in the present action shows Lockett waived his right to a PSR and his waiver was made freely, voluntarily, and knowingly. In fact, the record makes clear that the reason Lockett agreed to waive the PSR was tied to the plea agreement which included the State and Lockett's agreements regarding the sentencing recommendations including the number of years and the recommendation for the sentences to run concurrently. The district court, although not bound by the agreement, then sentenced Lockett exactly in accord with the parties' plea agreement. Although a full PSR would have provided additional information for the court to consider in connection with the sentencing and perhaps Lockett's argument might be more persuasive had the court not followed the plea agreement, this is not the factual scenario present here.

Regarding criminal sentences, the Nebraska Supreme Court has explained:

> When imposing a sentence, the sentencing court is to consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. However, the sentencing court is not limited to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

*State v. Manjikian*, 303 Neb. 100, 114-15, 927 N.W.2d 48, 60-61 (2019).

During the sentencing hearing, the court inquired into relevant factors in imposing the sentence and was not limited to a mathematical set of factors. Under these circumstances which included, but were not limited to, the court providing the sentence agreed upon by Lockett in connection with the factual basis set forth in connection with the offenses, the benefit Lockett received from the plea agreement, the fact that Lockett was on supervised release for prior offenses at the time of his arrest, and the factors considered by the court on the record before pronouncing the sentence, we cannot say the court abused its discretion in rendering the sentences here. This assignment fails.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Lockett's second assigned error, restated, is that he received ineffective assistance of both his court-appointed trial counsel in (a) waiving the PSR, (b) advising him to accept the plea agreements, (c) the discovery process, (d) failing to investigate cell phone and social media

evidence, (e) failing to develop a strategy for the defense of his case, (f) failing to investigate or request the existence of DNA testing or evidence, and (g) failing to request or investigate evidence from the hotel room.

The Nebraska Supreme Court has explained:

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, in order to preserve such claim. Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims.

*State v. Chairez*, 302 Neb. 731, 736, 924 N.W.2d 725, 730 (2019). Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). The determining factor is whether the record is sufficient to adequately review the question. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id*. When reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance, and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id*.

(a) Waiver of PSR

Lockett contends that trial counsel failed to properly advise him regarding his waiver of the PSR. He argues that at the final hearing when he waived his right to a PSR, the proceedings moved so quickly that he did not have an opportunity to discuss what the waiver meant, such as not having an opportunity to participate and the judge would not have an opportunity to review all the information contained within a PSR prior to handing down Lockett's sentence.

The record contradicts Lockett's assertions. First, Lockett responded affirmatively to the district court's questions regarding whether Lockett wanted to waive his right to a PSR. Next, in responding to questioning by the district court, Lockett affirmatively acknowledged that he had discussed his right to a PSR with his attorney. The district court then explained the effect of waiving the right to a PSR and stated that Lockett would not be interviewed by probation and that the court would proceed directly to sentencing. The district court asked Lockett if he understood, and Lockett replied that he did. Finally, the district court inquired if he was making his waiver freely, voluntarily, knowingly, and intelligently, and Lockett said yes. The district court found, beyond a reasonable doubt, on the record that Lockett "freely, voluntarily, knowingly, and intelligently waives his right to a Presentence Investigation Report." Based upon all of these factors, the record establishes that Lockett stated he counseled with his attorney about waiving his right to a PSR, the effect of the waiver was explained to him, and he acknowledged that he understood the effects of his waiver and still chose to waive the PSR. Thus, there is no merit to this assigned error.

## (b) Remaining Allegations

Lockett next contends that both of his trial attorneys were ineffective in generally failing to properly develop a trial strategy, investigate, and advise him regarding the plea agreements in connection with the sex trafficking charge. Lockett asserts his trial attorneys' shortcomings relate to their failure to perform duties relating to discovery and failing to develop a proper defense to the sex trafficking charge to which he ultimately pled. Specifically, Lockett argues that both of his trial attorneys failed to arrange for him to review discovery including photographs and DVD recordings, that the State's factual basis does not indicate the sex trafficking case was very strong, that his counsel's failure to investigate certain cell phone and social media evidence left him without critical evidence to defend against the sex trafficking charge, that the failure to receive DNA testing and investigate the hotel room compromised his ability to defend against the sex trafficking charge, that with proper advice governing the strength of the sex trafficking charge he would have insisted on going to trial, and that the benefit he received from the plea was "fairly minimal."

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),

the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. In a plea context, deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order.

*State v. Blaha*, 303 Neb. 415, 422-23, 929 N.W.2d 494, 502 (2019). Lockett argues that if not for his attorneys' errors, he would have forgone the June 2019 plea deal and insisted on going to trial and that the State would have had to prove he engaged in human trafficking/sex trafficking of a minor pursuant to § 28-831 and child abuse pursuant to § 28-707. We find that Lockett's argument is flawed.

The record indicates Lockett originally pled to first degree sexual assault of a minor relating to evidence that Lockett, then age 37, had sexually penetrated a 15-year-old at a Fremont hotel room. This plea was later withdrawn solely based upon concerns that the court's sentence of 20 years' to 20 years and 1 day's imprisonment, which Lockett believed could result in only 10 years' imprisonment with good time, did not correspond with the 15-year mandatory minimum sentencing requirement of the first degree sexual assault statute. Thus, in order to facilitate the sentence agreed upon in the original plea agreement on the sexual assault charge, the State and Lockett reworked a plea agreement to provide that Lockett would plead to child abuse and human trafficking/sex trafficking, which would then allow for the agreed upon sentence of 20 years' to

20 years and 1 day's imprisonment without the mandatory minimum sentencing requirements on the latter offense. Stated differently, the State charged Lockett with human trafficking/sex trafficking rather than sexual assault of a minor only as a part of a plea deal in order to accomplish the sentence contemplated by the parties in their original plea agreement on the original charge. Thus, for Lockett to now contend trial counsel erred in failing to properly advise him on the strength of the sex trafficking charge misses the point. The plea and corresponding plea agreement were negotiated and entered into on the strength of the charged offense of sexual assault of a minor, not independently on the strength of the human trafficking/sex trafficking charge. None of Lockett's claims governing ineffective assistance of counsel, stated above, attack his former trial counsels' handling of evidence associated with the sexual assault claim to which he originally pled and the strength of which resulted in the second plea agreement.

Further, contrary to Lockett's argument, if Lockett refused to plead to the amended charges under the plea agreement, the State would have pursued the sexual assault charge, not just the human trafficking/sex trafficking charge. Because the record affirmatively shows that the plea deal and plea were negotiated on the strength of the original sexual assault charge, and Lockett's claim of ineffective assistance of counsel only alleges his trial counsels' deficiencies in connection with the sex trafficking charge, Lockett's allegations of trial counsels' deficiencies on their face demonstrate no prejudice to his defense of the sexual assault charge. Further, his allegations do not establish that, but for these alleged errors, there was a reasonable probability Lockett would have insisted on going to trial rather than pleading no contest. This assignment fails.

## VI. CONCLUSION

For the reasons stated above, we affirm Lockett's convictions and sentences and find that the record on direct appeal is sufficient to consider Lockett's ineffective assistance of counsel claims and that these claims fail.

AFFIRMED.