IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MOFFATT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ANDREA E. MOFFATT, APPELLANT.

Filed October 5, 2021.    No. A-21-170.

Appeal from the District Court for Douglas County: KIMBERLY MILLER PANKONIN, Judge. Affirmed.

James A. Owen, of Owen Law Office, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Following her plea of no contest, Andrea E. Moffatt was convicted of two counts of attempted possession of a deadly weapon by a prohibited person. She was sentenced to concurrent terms of 14 to 18 years' imprisonment. Moffatt claims on appeal that she did not voluntarily, knowingly, or intelligently waive her right to a presentence investigation (PSI), and that her sentence was excessive. She also claims that her trial counsel was ineffective in allowing her to proceed to sentencing without the benefit of a PSI. Finding no error, we affirm.

## STATEMENT OF FACTS

On November 18, 2020, the State filed an information charging Moffatt with two counts of possession of a deadly weapon (firearm) by a prohibited person, a Class ID felony, in violation of Neb. Rev. Stat. § 28-1206(1)(a) and (3)(b) (Cum. Supp. 2020).

- 1 -

Pursuant to a plea agreement, the State filed an amended information on January 26, 2021, charging Moffatt with attempted possession of a deadly weapon (firearm) by a prohibited person, a Class II felony, in violation of § 28-1206(1)(a) and (3)(b) and Neb. Rev. Stat. § 28-201(4)(a) (Cum. Supp. 2020). At a hearing held on January 27, Moffatt pled no contest to the amended information. The State then provided a factual basis to support Moffatt's pleas:

> Ms. Moffatt was arrested on October 15th, 2020. At the time of her arrest she had a felony warrant out for her issued by this Court on September 13th, 2018. And that's related to CR 17-3483. So, it was an active felony warrant. When she was contacted she did have a . . . 357 caliber revolver in her waistband. Canine detecting dogs indicated the presence of narcotics in her vehicle. During the process of that being searched another firearm was located inside of her vehicle along with venue to the vehicle being hers. Officers ultimately end up having contact with her that day because her boyfriend or acquaintance . . . was arrested October 13th, 2020, during jail calls law enforcement listened in on those and heard him requesting Ms. Moffatt to go retrieve guns from his house so the police wouldn't find them during the course of a search warrant. And that ultimate[ly] is what led them to having contact with her on the 15th of October, 2020. [The boyfriend] was present at that time as well. These facts all occurred in Douglas County, Nebraska.

The district court took judicial notice that a warrant was issued by the court in a separate case due to Moffatt's failure to appear for sentencing. The court accepted Moffatt's pleas of no contest to the amended charges and found her guilty of both counts of attempted possession of a deadly weapon (firearm) by a prohibited person.

The district court sentenced Moffatt by oral pronouncement to 14 to 18 years' imprisonment on each count, to be served concurrently with one another but consecutively to the sentence imposed in Moffatt's separate case. Moffatt received credit for 105 days already served in this case. The court later entered a sentencing order consistent with its oral pronouncement on January 29, 2021.

Moffatt appeals.

## ASSIGNMENTS OF ERROR

Reordered, Moffatt assigns (1) that she did not voluntarily, knowingly, and intelligently waive her right to a PSI, (2) that the district court abused its discretion by imposing an excessive sentence, and (3) that her trial counsel was ineffective by allowing her to proceed to sentencing without the benefits of a PSI.

## STANDARD OF REVIEW

In determining whether a defendant's waiver of a statutory or constitutional right was voluntary, knowing, and intelligent, an appellate court applies a clearly erroneous standard of review. *State v. Qualls*, 284 Neb. 929, 824 N.W.2d 362 (2012).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

Whether a claim of ineffective assistance of trial counsel may be determined on direct appeal is a question of law. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

ANALYSIS

*Waiver of Right to Presentence Investigation.*

Moffatt assigns that she did not voluntarily, knowingly, and intelligently waive her right to a PSI. The plain language of Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2020) provides that a PSI is mandatory in felony cases, except if it would be impractical. *State v. Qualls, supra*. The statutory right to have a PSI completed prior to being sentenced may be waived so long as that waiver was knowingly and intelligently made. *State v. Iddings*, 304 Neb. 759, 936 N.W.2d 747 (2020). We find that Moffatt expressly and effectively waived her right to a PSI.

The appropriate standard to apply in the case of a waiver of the right to a PSI under § 29-2261 is whether it is apparent from the totality of the circumstances reflected in the record that the defendant, when waiving the right, was sufficiently aware of the right to a PSI and the possible consequences of his or her decision to forgo that right. *State v. Iddings, supra*. A knowing and intelligent waiver may be demonstrated by or inferred from the defendant's conduct. *Id.*

At the beginning of the plea hearing, Moffatt's trial counsel indicated that it was Moffatt's intention to enter pleas of no contest to the amended charges and he stated, "[W]e would waive PSI and go straight to sentencing on both case files." The district court asked Moffatt if that was correct and Moffatt replied, "That's my understanding, yes." The court again asked Moffatt if that was how she wished to proceed, and she again replied, "Yes, Your Honor." The court then granted leave to waive the PSI. The court also informed Moffatt that it would accommodate her need to speak to her trial counsel privately at any time. After informing Moffatt of her constitutional rights that she would be waiving by entering her pleas, advising her of the possible penalties, and accepting her pleas, the court again asked Moffatt if it was her wish to waive her right to a PSI and proceed to sentencing, to which Moffatt again expressly affirmed.

Moffatt argues that the district court erred because it did not asked Moffatt any "follow up questions" after she confirmed that she wished to waive her right to a PSI and because Moffatt's trial counsel was never asked if he had discussed the consequences of the waiver with Moffatt. We disagree. No formalistic litany of warnings is required to show that a waiver was knowingly and intelligently made. *State v. Iddings, supra*. While the district court did not conduct an explicit inquiry into the voluntariness of Moffatt's waiver, the court did ask Moffatt three times if she wished to proceed to sentencing without the PSI and informed Moffatt that she could speak with her trial counsel at any time. Moffatt not only expressly affirmed the waiver, but she also did not stop the proceedings or ask to speak with her trial counsel. In *State v. Iddings*, the Nebraska Supreme Court noted that the consequences of the failure to procure a PSI for the court's consideration at sentencing are largely self-evident.

Based on the totality of the circumstances reflected in the record, Moffatt knowingly and intelligently waived her right to a PSI. Therefore, we find no error.

*Excessive Sentence.*

Moffatt was convicted of two counts of attempted possession of a deadly weapon by a prohibited person, both Class II felonies. A Class II felony is punishable by 1 to 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). Moffatt was sentenced to concurrent terms of 14 to 18 years' imprisonment, which sentences were ordered to run consecutively to a sentence imposed in a separate case. Her sentences are within the statutory range. Nevertheless, Moffatt argues that the court abused its discretion in failing to consider the sentencing factors, including that there was no violence in the commission of the crime.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Moffatt was 37 years old at the time of sentencing. At the time of her arrest in this case, she had a felony warrant out for her arrest in a separate case due to her failure to appear for sentencing. As discussed, Moffatt waived her right to a PSI. However, the district court received and reviewed a PSI that was completed roughly 2 years earlier in the separate case. When the district court asked Moffatt if she had any additions or corrections to the prior PSI, Moffatt's trial counsel offered an alcohol and substance evaluation as an addition. The district court confirmed that the information in the prior PSI and the evaluation would be applicable to Moffatt's sentencing although the prior PSI and the evaluation were not made part of our record.

At the sentencing hearing, Moffatt's trial counsel argued that Moffatt was the "pawn in the game" of her codefendants and described Moffatt aiding her codefendants in exchange for free drugs. Counsel argued that "clearly amphetamine's got its grip on her and clearly she's been abused by these other individuals in her pursuit of keeping meth in her life." Counsel noted that the alcohol and chemical evaluation he had submitted to the court indicated Moffatt's "severe amphetamine use." Counsel also emphasized that Moffatt's codefendant, who had requested that she remove his firearms from his home, received 2 years' probation. Counsel asked that in sentencing Moffatt, the district court impose concurrent sentences since the counts arose from the same set of circumstances.

Moffatt personally addressed the district court, expressing that her actions were inexcusable. She apologized for failing to appear in her separate case and asked to receive treatment. She noted that she had attempted to enroll in a treatment program.

The district court stated that it had considered the relevant sentencing factors, the information contained in the PSI from the separate case, the evaluation, as well as the information and argument presented at the hearing. The court noted that information in the PSI indicated that Moffatt was at high-risk of reoffending and was not a good candidate for probation. The court noted that Moffatt had been "on the run" while out on warrant, and that the previous case involved an "enormous amount of drugs, scales, a loaded gun, a stolen gun." The court found that "[a] sentence of probation under all of the factors listed by the court would depreciate the seriousness

for these offenses and would promote disrespect for the law" and sentenced Moffatt as set forth previously.

While the district court did not specifically discuss each of the sentencing factors, the court stated that it had considered Moffatt's age, mentality, education, experience, background, past criminal record, nature of the offenses, including the presence of firearms in these offenses and motivation for the offenses. Additionally, it is not necessary for a court to discuss each of the sentencing factors in its sentencing order. See *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019) (rejecting notion that court does not adequately consider sentencing factors when it does not discuss factors individually).

Having considered the record and the relevant factors in this case, we cannot say that the district court abused its discretion in sentencing Moffatt. See *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020) (sentence imposed within statutory limits will not be disturbed on appeal absent abuse of discretion by trial court).

*Ineffective Assistance of Counsel.*

Generally, a voluntary guilty plea or plea of no contest waives all defenses to a criminal charge. *State v. Blaha, supra.* Thus, when a defendant pleads guilty or no contest, he or she is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. *Id.*

Moffatt claims her trial counsel was ineffective in allowing her to proceed to sentencing without the benefit of a PSI. She is represented on direct appeal by different counsel than the initial trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. *State v. Lierman, supra.* Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id.* A record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *State v. Theisen*, 306 Neb. 591, 946 N.W.2d 677 (2020).

In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Lierman, supra.* When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Blaha*, 303 Neb. 415, 929 N.W.2d 494 (2019). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* In a plea context,

deficiency depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Id.* The two prongs of the ineffective assistance of counsel test under *Strickland* may be addressed in either order. *State v. Blaha, supra.*

With these governing principles in mind, we turn now to address Moffatt's claim that her trial counsel was ineffective in allowing her to proceed to sentencing without the benefit of a PSI.

Moffatt argues that by allowing her to proceed to sentencing without first obtaining a PSI, her trial counsel was ineffective. Moffatt claims that she was informed by her trial counsel that it would be in her best interests to proceed immediately to sentencing without obtaining a PSI for the present case. Although the record does not show what, if any, conversation took place between Moffatt and her trial counsel regarding her decision to waive her right to a new PSI, the record on appeal is sufficient to conclude that trial counsel's performance was not deficient and Moffatt was not prejudiced by her waiver of a PSI.

As noted above, the district court had the benefit of a PSI prepared in 2018 in a previous case, as well as a recent drug and alcohol evaluation provided by Moffatt's counsel. The district court allowed Moffatt to make additions and corrections to the prior PSI. Information was also presented to the district court about Moffatt's absence during the preceding approximately 2 years. The court heard extensive arguments from Moffatt's counsel regarding mitigating factors. Moffatt does not allege how the information in a new PSI would differ from the information included in the previous PSI. In conclusion, the district court was fully advised of the relevant statutory sentencing factors and it cannot be said that trial counsel was deficient in advising Moffatt to waive an updated PSI.

Further, Moffatt cannot show prejudice in this regard. After the waiver of the PSI at the plea hearing, the district court asked Moffatt directly whether anyone had led her to believe that if she entered her pleas of no contest there and then, she would receive a lesser sentence or be rewarded in any way. Moffatt confirmed, "No, Your Honor." See *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013) (allegations of ineffective assistance which are affirmatively refuted by defendant's assurances to sentencing court do not constitute basis for postconviction relief).

Accordingly, the claim of ineffective assistance of trial counsel fails.

CONCLUSION

For the reasons set forth above, we find Moffatt knowingly and intelligently waived her right to a PSI and the district court did not abuse its discretion in the sentences imposed. We affirm Moffatt's convictions and sentences. In addition, we conclude the record is sufficient to address and reject Moffatt's claim of ineffective assistance of trial counsel.

AFFIRMED.